FILED BY FAX

VENABLE LLP

2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1  VENABLE LLP
   Douglas C. Emhoff (SBN 151049)
2  Tamany Vinson Bentz (SBN 258600)
   Jennifer Levin (SBN 252420)
3  2049 Century Park East, Suite 2100
   Los Angeles, CA 90067
4  Telephone: (310) 229-9900
   Facsimile: (310) 229-9901
5  E-Mail: demhoff@venable.com
   E-Mail: tjbentz@venable.com
6  E-Mail: jlevin@venable.com

**E-filing**

7

8  Attorneys for Defendant,
   Wal-Mart Stores, Inc.

9

10           **UNITED STATES DISTRICT COURT**

11          **NORTHERN DISTRICT OF CALIFORNIA**

12                    CV 11        1919

13  KIMBERLEY MAIN, an individual on        CASE NO.
    behalf of herself and all others similarly
14  situated,                                     EMC

15
                          Plaintiff,     **NOTICE OF REMOVAL OF**
16                                       **CIVIL ACTION**

17              v.

18

19  WAL-MART STORES, INC., a Delaware    [28 U.S.C. §§ 1332(d), 1441, 1446,
    Corporation; and DOES 1 through 50,  and 1453]
20  inclusive,

21
                                         Complaint Filed: March 9, 2011
22                        Defendants.

23

24

25

26

27

28

LA/300279                    NOTICE OF REMOVAL OF CIVIL ACTION

1 TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
2 DISTRICT OF CALIFORNIA AND TO THE PARTIES, BY AND THROUGH
3 THEIR ATTORNEYS OF RECORD:

4 Pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453
5 Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby removes the above-entitled
6 action from the Superior Court of the State of California, County of San Francisco,
7 to this Court. Removal of this action is proper for the following reasons:

8 1.    Plaintiff Kimberley Main ("Plaintiff") filed a civil action in the
9 Superior Court of the State of California, County of San Francisco, against Wal-
10 Mart on or about March 9, 2011. Said action, entitled *Kimberley Main v. Wal-*
11 *Mart Stores, Inc., et al.*, Case No. CGC-11-509011 (the "Complaint"), alleged
12 violations of the Song-Beverly Credit Card Act of 1971, Cal. Civ. Code § 1747.08
13 ("§ 1747.08") and alleged claims of common law negligence, invasion of privacy,
14 and unlawful intrusion. A copy of the Complaint is attached hereto as Exhibit "A."
15 No other pleadings have been filed.

16 2.    Wal-Mart was served with the Complaint on March 21, 2011.

17 3.    This removal is timely under 28 U.S.C. § 1446(b) in that removal is
18 sought within 30 days after service of the summons and complaint.

19 JURISDICTION

20 4.    The Class Action Fairness Act of 2005 ("CAFA") creates federal
21 jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or
22 value of $5,000,000, exclusive of interest and costs, and is a class action in which
23 . . . any member of a class of plaintiffs is a citizen of a State different from any
24 defendant," and involves a putative class that consists of more than 100 members.
25 28 U.S.C. §§ 1332(d)(2)(A) and (d)(5). Each of these three requirements is met.

26 THE PUTATIVE CLASS EXCEEDS 100 MEMBERS

27 5.    While the Complaint does not specifically allege the number of
28 putative class members, Plaintiff defines the putative class to contain "all persons

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1

1   from whom [Wal-Mart] requested and recorded personal identification information

2   in conjunction with a credit card transaction in California . . . . " (Complaint, ¶ 9).

3   As set forth in the Declaration of John Drechny, Wal-Mart has processed

4   significantly greater than 5,001 credit card transactions in California in the past

5   year and those transactions correspond to more than 100 different consumers

6   (Declaration of John Drechny, ¶ 5 ). Accordingly, the putative class consists of

7   more than 100 members as required by CAFA.

8            THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

9       6.     In *Korn v. Polo Ralph Lauren Corporation*, 536 F. Supp. 2d 1199,

10  1202 (E.D. Cal. 2008), a class action alleging violations of § 1747.08, the

11  complaint at issue alleged that the maximum statutory penalty per violation was

12  $1,000 but did not allege a total amount of damages. The court treated the

13  complaint as having not alleged a specific amount in damages and stated that the

14  removing defendant must show "by a preponderance of the evidence that the

15  amount in controversy exceeds the statutory minimum (in this case, $5,000,000 per

16  the CAFA)." *Id.* at 1204 (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d

17  373, 376 (9th Cir. 1997)). The court held that the amount in controversy would be

18  satisfied if the defendant could show that there were at least 5,001 putative class

19  claims, which it did by submitting a declaration stating that it had processed more

20  than 5,000 credit card transactions in California within one year prior to the

21  litigation. *Id.* at 1205–06.

22       7.     Here, although Wal-Mart denies all liability for claims alleged in the

23  Complaint, the amount in controversy exceeds $5,000,000. Wal-Mart has

24  processed significantly greater than 5,001 credit card transactions in California in

25  the past year (Declaration of John Drechny, ¶ 5 ). On behalf of herself and each

26  putative class member, Plaintiff seeks an award of "the civil penalty to which he or

27  she is entitled under California Civil Code section 1747.08(e)" (Complaint, Prayer

28  for Relief ¶ 2), which, pursuant to the statute, is up to $1,000 per violation

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

**2**

1   (Complaint, ¶ 32). With over 5,001 putative class claims, each subject to a penalty

2   of up to $1,000 as sought by Plaintiff, it is not possible that the amount in

3   controversy could be less than $5,000,000.[1] The amount in controversy

4   requirement has therefore been met.

5                          DIVERSITY OF CITIZENSHIP

6       8.      Here, diversity of citizenship exists because Plaintiff is a citizen of the

7   State of California and Wal-Mart is not. While Plaintiff seeks to avoid removal by

8   alleging that Wal-Mart's principal place of business is California (Complaint,

9   ¶ 10), such a claim is untenable. Wal-Mart's principal place of business is not

10  California, and Wal-Mart was not incorporated under the laws of the State of

11  California.[2]

12      9.      In *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010), the Supreme

13  Court of the United States held that for purposes of diversity jurisdiction, a

14  corporation's principal place of business must be where its "high level officers

15  direct, control and coordinate the corporation's activities." Otherwise known as its

16  "nerve center," the Court stated that the principal place of business would typically

17  be a corporation's headquarters. *Id.* The Court definitively rejected other tests for

18  determining the principal place of business of a corporation, such as the business

19  activities test, in favor of having one straightforward rule: the principal place of

20  business refers to the nerve center. *Id.* at 1192–94. Here, Wal-Mart's corporate

21

22

23  [1] Furthermore, the cases styled as *Grikavicius v. Wal-Mart Stores, Inc.*, Case Number CV 11-2314 DMG (PJWx), and *Landeros v. Wal-Mart Stores, Inc.*, Case

24  Number CV 11-1635 DMG (PJWx), are currently pending in the Central District of California, and the case styled as *Bauer v. Wal-Mart Stores, Inc.*, Case Number

25  11CV0770-IEG (CAB), is currently pending in the Southern District of California. The plaintiffs in these cases allege a similar putative class and similar claims

26  against Wal-Mart. The *Landeros* plaintiff specifically alleges more than $5,000,000 in damages.

27  [2] Wal-Mart is incorporated under the laws of the State of Delaware (Declaration of John Drechny, ¶ 3).

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

3

1  headquarters is located in Bentonville, Arkansas ("Arkansas Headquarters"), and
2  includes many of its administrative and executive offices. (Declaration of John
3  Drechny, ¶ 4). Wal-Mart's high ranking officers are principally located at the
4  Arkansas Headquarters, and from there, they direct, control and coordinate most of
5  the corporation's activities. (Declaration of John Drechny, ¶ 4). Furthermore,
6  Wal-Mart's core executive and administrative functions, including without
7  limitation, business forecasting and planning, and maintenance of much of Wal-
8  Mart's electronic information, are carried out at the Arkansas Headquarters.
9  (Declaration of John Drechny, ¶ 4). Thus, under *Hertz Corp.*, Wal-Mart's
10 principal place of business is in Arkansas, not California.

11      10.    Because the putative class exceeds 100 members, the amount in
12 controversy exceeds $5,000,000, and there is diversity of citizenship, removal is
13 warranted under CAFA.

### INTRADISTRICT ASSIGNMENT

15      11.    Plaintiff commenced this action in the Superior Court of California for
16 the County of San Francisco. Since this action arose in San Francisco County,
17 pursuant to Northern District Local Rule 3-2(d), this action should be assigned to
18 the San Francisco or Oakland division.

19      WHEREFORE, Defendants remove this action now pending in the Superior
20 Court of the State of California, County of San Francisco, Case No. CGC-11-
21 509011, to the United States District Court for the Northern District of California.

22

23 Dated: April 20, 2011             VENABLE LLP

24

25

26

27 By:_____
   Douglas C. Emhoff
28 Attorneys for Defendant
   Wal-Mart Stores, Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

LA/300279                                    4                    NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

ORIGINAL

1
2   James R. Patterson, State Bar No. 211102
    Matthew J. O'Connor, State Bar No. 203334
3   HARRISON PATTERSON & O'CONNOR LLP
    402 West Broadway, 29TH Floor
4   San Diego, CA 92101
    Tel: (619) 756-6990
5   Fax: (619) 756-6991

6   Attorneys for Plaintiff and the Class

7

8

9                    SUPERIOR COURT OF CALIFORNIA

10                    COUNTY OF SAN FRANCISCO

11
    KIMBERLEY MAIN, an individual on          CASE NO.: CGC-11-509011
12  behalf of herself and all others similarly
    situated,                                 CLASS ACTION
13
                        Plaintiff,            CLASS ACTION COMPLAINT FOR:
14
            vs.                               (1) VIOLATIONS OF CALIFORNIA
15                                            CIVIL CODE § 1747.08;
    WAL-MART STORES, INC., a Delaware
16  corporation; and DOES 1 through 50, inclusive,   (2) COMMON LAW NEGLIGENCE;
                                              (3) INVASION OF PRIVACY; AND
17                      Defendants.           (4) UNLAWFUL INTRUSION
18
                                              REQUEST FOR JURY TRIAL
19                                                   FILE VIA FAX
20          Plaintiff Kimberley Main, on behalf of herself and all others similarly situated, complains

21  and alleges upon information and belief based, among other things, upon the investigation made

22  by Plaintiff by and through her attorneys, as follows:

23  I.    INTRODUCTION

24          1.     California Civil Code section 1747.08 generally states that when a merchant is

25  engaged in a retail transaction with a customer, the merchant may neither (1) request personal

26  identification information from a customer paying for goods with a credit card, and then record

27  that personal identification information upon the credit card transaction form or otherwise; nor

28  (2) require as a condition to accepting the credit card as payment the cardholder to provide the

                                           -1-
                                CLASS ACTION COMPLAINT

1 customer's personal identification information which the retailer causes to be written, or

2 otherwise records upon the credit card transaction form or otherwise.[1]

3     2. Defendant operates retail stores under the name Wal-Mart throughout the United

4 States, including California. Defendant is engaging in a pattern of unlawful and deceptive

5 business practices by utilizing an "Information Capture Policy" whereby Defendant's electronic

6 cash registers are programmed to require customers to input their personal identification

7 information, in the form of zip codes, into Defendant's electronic cash registers during credit card

8 transactions which are electronically recorded therein. Defendant's acts and practices as herein

9 alleged were at all times intentional.

10     3. On information and belief, Defendant uses the zip codes and additional

11 information obtained from its customers' credit cards, including names and credit card numbers

12 (or portions thereof) to obtain its customers' home addresses. Defendant obtains these addresses

13 with the help of third-party vendors such as Acxiom that maintain proprietary software and

14 databases containing hundreds of millions of individual consumers' contact information. For

15 example, Acxiom advertises its "Shopper Registration" software on its website claiming: "All

16 you have to do is capture the shopper's name from a check or a third-party credit card at the

17 point of sale and ask for the shopper's zip code .and Address Append takes the name, combined

18 with the collected zip code, and matches them to Acxiom's [database]. Acxiom provides a

19 match rate report that tells you how many addresses were matched and appended."[2]

20     4. Defendant does not disclose its intentions to its customers, and instead relies on

21 the common misconception of consumers that Defendant is using the zip code information as a

22 security measure to verify cardholders' identities similar to "pay-at-the-pump" gas station

23 [1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts
24 credit cards for the transaction of business shall do either of the following:
(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services,
25 the cardholder to provide personal identification information, which the person, firm, partnership, association, or
corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card
26 transaction form or otherwise.
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder,
27 other than information set forth on the credit card, and including, but not limited to, the cardholder's address and
telephone number."

28 [2] See www.acxiom.com/SiteCollectionDocuments/website-
resources/pdf/Fact_Sheets/Fact_Sheet_IB_TS_Shopper_Recognition_200707.pdf. Acxiom is but one of numerous
third-party vendors that Defendant might use to obtain its customers' addresses.

-2-
CLASS ACTION COMPLAINT

1   transactions where a zip code is required because there is no live clerk to verify identification.

2   Defendant, however, is not using zip codes as a security measure to verify cardholders' identities

3   during credit card transactions and the credit card companies do not require zip codes to

4   complete in-person "card present" credit card transactions.

5       5.   Plaintiff does not seek any relief greater than or different from the relief sought

6   for the Class of which Plaintiff is a member. If successful, this action will enforce an important

7   right affecting the public interest and will confer a significant benefit, whether pecuniary or non-

8   pecuniary, on a large class of persons. Private enforcement is necessary and places a

9   disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

10   **II.**   **JURISDICTION AND VENUE**

11       6.   Plaintiff is informed and believes that Defendant's principal place of business is

12   in California. Defendant has accepted credit cards for the transaction of business throughout

13   California, including the County of San Francisco, which has caused both obligations and

14   liability of Defendant to arise in the County of San Francisco.

15       7.   The amount in controversy exceeds the jurisdictional minimum of this Court.

16   **III.**   **THE PARTIES**

17     **A.**   **Plaintiff**

18       8.   Plaintiff Kimberley Main (herein referred to as "Plaintiff") is a resident of

19   California, and entered into a retail transaction with Defendant at one of Defendant's California

20   stores located in California.

21       9.   Plaintiff brings this class action against Defendant, pursuant to California Code of

22   Civil Procedure section 382, on behalf of herself and all persons from whom Defendant

23   requested and recorded personal identification information in conjunction with a credit card

24   transaction in California (the "Class"). Excluded from the Class are Defendant, its corporate

25   parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a

26   controlling interest, and the legal representatives, successors or assigns of any such excluded

27   persons or entities.

28   ///

HARRISON PATTERSON O'CONNOR LLP
402 West Broadway
35th Floor
San Diego, CA 92101

-3-
**CLASS ACTION COMPLAINT**

B.   **Defendant**

10.   Defendant Wal-Mart Stores, Inc. (herein referred to as "Defendant"), is a Delaware corporation.  Plaintiff is informed and believes that Defendant's principal place of business is in California.  Defendant operates retail stores under the name Wal-Mart throughout California, including stores in San Francisco County.

C.   **Doe Defendants**

11.   Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by such fictitious names.  Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

D.   **Agency/Aiding And Abetting**

12.   At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

13.   Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

IV.   **CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW**

A.   **Plaintiff's Contact with Defendant**

14.   Within the last 12 months, Plaintiff went to Defendant's retail store located in California.

HARRISON PATTERSON O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

15. Plaintiff entered Defendant's store and proceeded to select a product from the store that Plaintiff intended to purchase.

16. After selecting the item, Plaintiff proceeded to the cashiers' section of Defendant's store to pay for the item selected through the use of a credit card.

17. After scanning Plaintiff's item, Defendant slid her credit card through Defendant's electronic card reader, which subsequently requested personal identification information from Plaintiff in the form of Plaintiff's zip code and without informing Plaintiff of the consequences if Plaintiff did not provide Defendant's employee with Plaintiff's zip code.

18. Plaintiff, believing that she was required to provide her zip code to proceed and complete the transaction inputted her zip code into Defendant's electronic credit card device.

19. At this point in the transaction, Defendant has Plaintiff's credit card number, name and zip code recorded in its databases.

20. Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise delete Plaintiff's personal identification information from the credit card device after Plaintiff's credit card number was recorded.

21. Defendant's employee and Plaintiff completed the transaction and Plaintiff left Defendant's store with her purchased items.

## V.  PLAINTIFF'S CLASS ACTION ALLEGATIONS

22. This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction in California (the "Class"). Excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

23. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

HARRISON PATTERSON O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

-5-

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

25. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

26. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a. whether each Class member engaged in a credit card transaction with Defendant;

b. whether Defendant requested the cardholder to provide personal identification information and recorded the personal identification of the cardholder, during credit card transactions with Class members;

c. whether Defendant's conduct of requesting the cardholder to provide personal identification information during credit card transactions and recording the personal identification information of the cardholder constitutes violations of California Civil Code section 1747.08; and

d. the proper amount of civil penalties to be awarded to Plaintiff and the Class.

27. Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

28. Plaintiff can fairly and adequately represent the interests of the Class, she has no conflicts of interest with other Class members, and has retained counsel competent and

HARRISON PATTERSON& O'CONNOR LLP
4100 West Broadway
29th Floor
San Diego, CA 92101

-6-

1    experienced in class action and civil litigation.

2    **FIRST CAUSE OF ACTION FOR VIOLATIONS OF**
     **CALIFORNIA CIVIL CODE § 1747.08**
3    **[SONG-BEVERLY CREDIT CARD ACT OF 1971]**

4        29.    Plaintiff refers to and incorporates by reference as though set forth fully herein

5    paragraphs 1 through 28 of this Complaint.

6        30.    California Civil Code section 1747.08 prohibits any corporation, which accepts

7    credit cards for the transaction of business, from requesting the cardholder to provide personal

8    identification information which the corporation then records in conjunction with a credit card

9    transaction.

10       31.    Defendant is a corporation that accepts credit cards for the transaction of business.

11   During credit card transactions entered into at Defendant's stores during the one-year period

12   preceding the filing of this class action complaint through the present, Defendant utilized, and

13   continues to utilize, an "Information Capture Policy" whereby Defendant's cashiers both request

14   and record zip codes and credit card numbers from customers using credit cards at the point-of-

15   sale in Defendant's retail establishments.

16       32.    Due to Defendant's violations as set forth herein, Plaintiff and the Class are

17   entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

18   pursuant to California Civil Code section 1747.08(e).

19   **SECOND CAUSE OF ACTION FOR NEGLIGENCE**

20       33.    Plaintiff refers to and incorporates by reference as though set forth fully herein

21   paragraphs 1 through 32 of this Complaint.

22       34.    Defendant owed a duty of care to Plaintiff and the Class to reasonably protect

23   their personal identification information, including their zip codes, home addresses and payment

24   information, and to reasonably inform them of Defendant's intended use of their zip codes for

25   purposes not related to the completion of their credit card transactions with Defendant.

26       35.    Defendant negligently failed to take reasonable steps to protect Plaintiff's and the

27   Class' personal identifying information and payment information from being collected, stored

28   and used without Plaintiff's and the Class' knowledge or consent.

-7-

HARRISON PATTERSON O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

36.    Defendant negligently failed to take affirmative steps to alert Plaintiff and the Class of Defendant's intent to use their zip codes to obtain their home addresses and other private information.

37.    Defendant further negligently omitted to inform Plaintiff and the Class that it would use their personal identification information for marketing, and that it would be sold or otherwise disseminated to third parties.

38.    On information and belief, Defendant also negligently failed to comply with third-party vendor rules, which requires Defendant to have customers' informed consent prior to sharing their personal identification information with the vendors, or using this information to obtain their home addresses from the vendors' proprietary databases of information.

39.    On information and belief, Defendant negligently shared Plaintiffs and the Class' personal identification information, including their zip codes and home addresses, with other vendors and retailers, and without authorization.

40.    Defendant knew, or reasonably should have known that Plaintiff and the Class would not have provided their zip codes to Defendant, or even entered into credit card transactions with Defendant, had Plaintiff and the Class known that Defendant intended to use their zip codes to obtain their home addresses, which would then be stored and shared with others.

41.    Defendant's conduct has caused Plaintiff and the Class to suffer damages by having their personal identification information accessed, stored, and disseminated without their knowledge or consent, and because they have been placed at serious risk for harassment, fraud, and identity theft from anyone that has, or may obtain access to their personal identification information, including their zip codes, home addresses, and billing information.

42.    At the time of Defendant's representations and omissions, Plaintiff and the Class did not know that they were false, and were ignorant of the omitted and/or concealed facts. In reliance on these misrepresentations and without the benefit of the material omissions, Plaintiff and the Class entered into credit card transactions with Defendant and provided Defendant with their personal identification information.

HAERLICHT PATTERSON O'CONNOR LLP
4513 West Broadway
29th Floor
San Diego, CA  92101

43. Reliance on Defendant's representations and omissions was justified because Plaintiff and the Class had no reason to believe that Defendant would use their zip codes to obtain their private home addresses, that this information would be stored and used by Defendant, or that it would be disseminated and shared with others.

44. Plaintiff and the Class have been damaged by Defendant's negligent misrepresentations in an amount to be proven at trial.

45. On information and belief, Defendant received, and continue to receive substantial revenue from the unauthorized use and sale of Plaintiff's and the Class' personal identification information. This constitutes unjust enrichment for Defendant and must be disgorged, and restored to Plaintiff and the Class.

## THIRD CAUSE OF ACTION FOR INVASION OF PRIVACY

46. Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 45 of this Complaint.

47. The constitutionally guaranteed right of privacy unequivocally includes the right to control the dissemination of one's private personal information, including one's home address.

48. Plaintiff and the Class have legally protectable privacy interests in their home address information, and their ability to control the disclosure and dissemination of this information.

49. Plaintiff and the Class had reasonable expectations that their private home addresses would remain private when they entered into credit card transactions with Defendant. They were certainly not aware that Defendant would use their names (captured from their credit cards) and zip codes to obtain their private home addresses.

50. Defendant did not disclose their intention to use Plaintiff and the Class' zip codes to obtain their home addresses, and instead requested Plaintiff and the Class' zip codes under the guise of needing them for security purposes and to complete their credit card transactions.

51. Defendant's actions constitute a "serious" invasion of privacy in that Plaintiff and the Class have had their private home addresses accessed, shared, and/or sold to others without their knowledge or consent. In addition to the unwanted dissemination of their private

-9-

CLASS ACTION COMPLAINT

1   information, Plaintiff and the Class have been placed at serious risk of harassment, fraud and

2   identity theft as a result of Defendant's conduct.

3       52.    Plaintiff and the Class have been damaged by Defendant's conduct in an amount

4   to be proven at trial.

5       53.    Unless and until enjoined, and restrained by order of this Court, Defendant's

6   wrongful conduct will continue to cause Plaintiff and the Class great and irreparable injury in

7   that their private personal information, including their home addresses and billing information

8   will remain at risk. Defendant will continue to use this unlawfully obtained information for their

9   own purposes and profit, it will be sold and/or disclosed to others, and it may be stolen and used

10  for identity theft and credit card fraud. Plaintiff and the Class have no adequate remedy at law

11  for the injuries in that a judgment for the monetary damages will not end the invasion of privacy.

12          **FOURTH CAUSE OF ACTION FOR UNLAWFUL INTRUSION**

13      54.    Plaintiff refers to and incorporates by reference as though set forth fully herein

14  paragraphs 1 through 53 of this Complaint.

15      55.    One who intentionally intrudes upon the solitude or seclusion of another or his

16  private affairs or concerns is subject to liability for invasion of privacy. The Supreme Court of

17  California instructs that the tort of intrusion is not limited to physical invasions, but also lies

18  where the defendant "obtained unwanted access to data about the plaintiff."

19      56.    Plaintiff and the Class had reasonable expectations that their personal

20  identification information, including their private home addresses and billing information would

21  remain private when they entered into transactions with Defendant. They had no idea that

22  Defendant would use their zip codes to obtain their private home addresses, or that this

23  information would be stored and used for Defendant's profit, and/or sold to others. Defendant

24  did not disclose their intentions to use Plaintiff and the Class' zip codes to obtain their home

25  addresses, and instead relied on Plaintiff and the Class' false assumption that their zip codes were

26  a necessary security measure to process their credit card transactions.

27      57.    The manner in which Defendant intruded upon Plaintiff and the Class' privacy

28  rights is highly offensive to a reasonable person.

-16-

**CLASS ACTION COMPLAINT**

58.     As a proximate result of the above acts, Plaintiff and the Class' personal identification information was used by Defendant for their own profit, and to the detriment of Plaintiff and the Class, resulting in damages in the amount to be proven at trial.

59.     Unless and until enjoined, and restrained by order of this Court, Defendant's wrongful conduct will continue to cause Plaintiff and the Class great and irreparable injury in that their private personal information, including their home addresses and billing information will remain at risk. Defendant will continue to use this unlawfully obtained information for their own purposes and profit, it will be sold and/or disclosed to others, and it may be stolen and used for identity theft and credit card fraud. Plaintiff and the Class have no adequate remedy at law for the injuries in that a judgment for the monetary damages will not end this unlawful intrusion.

## VI.    PRAYER FOR RELIEF

1.     That the Court certifies this action as a class action appointing Plaintiff as the Class Representative and Plaintiff's counsel as Class counsel;

2.     For an award to Plaintiff and to each member of the Class the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

3.     For general damages according to proof;

4.     Restitution and disgorgement any ill-gotten profits from Defendant to the extent permitted by applicable law, together with interest thereon from the date of payment;

5.     That the Court preliminarily and permanently enjoins Defendant from engaging in the conduct alleged herein;

6.     Other injunctive and declaratory relief as may be appropriate;

7.     For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant from retaining the benefits of their wrongful conduct;

8.     For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine;

9.     For costs of the suit;

HAYRIGHT PATTERSON O'CONNOR LLP
401 West Broadway
30th Floor
San Diego, CA 92101

-11-



1    10.    For prejudgment interest at the legal rate;

2    11.    And for such other relief as the Court may deem proper.

3

4    Dated: March 9, 2011                    HARRISON PATTERSON & O'CONNOR LLP

5                                            By:

6                                            James R. Patterson
                                             Matthew J. O'Connor
7                                            Attorneys for Plaintiff and the Class

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-
CLASS ACTION COMPLAINT

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

5    On **April 20, 2011**, I served the foregoing document(s) **NOTICE OF REMOVAL OF CIVIL ACTION** on the interested parties in this action addressed as follows:

6

7    JAMES R. PATTERSON                    *Attorneys for Plaintiff and the Class*
     MATTHEW J. O'CONNOR

8    HARRISON PATTERSON & O'CONNOR LLP
     402 WEST BROADWAY, 29TH FLOOR

9    SAN DIEGO, CA 92101
     Tel: (619) 756-6990

10   Fax: (619) 756-6991

11   ☑    By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

12

13   ☐    **BY MAIL (FRCP 5(b)(2)(C)):** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

14

15

16   ☑    **BY OVERNIGHT DELIVERY (FRCP 5(b)(1)(F)):** I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

17

18

19

20   I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **April 20, 2011**, at Los Angeles, California.

21

22

23   *Heather Edmonds*
     Heather Edmonds

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900