VENABLE LLP
Douglas C. Emhoff (SBN 151049)
Tamany Vinson Bentz (SBN 258600)
Jennifer Levin (SBN 252420)
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  (310) 229-9900
Facsimile:  (310) 229-9901
E-Mail: demhoff@venable.com
E-Mail: tjbentz@venable.com
E-Mail: jlevin@venable.com

Attorneys for Defendant,
Wal-Mart Stores, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLEY MAIN and EYAD AKEL, individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation; and DOES 1 through 50, inclusive<br><br>Defendants. | CASE NO. 11-cv-1919 JSW<br><br>**DEFENDANT WAL-MART STORES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS DAMAGES CLAIM**<br><br>*[Proposed Order Filed Concurrently Herewith]*<br><br>Fed. R. Civ. Proc. 12(b)(6)<br><br>Hearing<br>Date: October 21, 2011<br>Time: 9:00 a.m.<br>Courtroom: 11<br><br>Complaint Filed: March 9, 2011<br>Action Removed: April 20, 2011<br>First Amended Complaint Filed: June 27, 2011 |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO THE PARTIES, BY AND THROUGH THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 12(b)(6), on October 21, 2011 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 11 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") will, and hereby does, move this Court to dismiss claims for certain damages requested in Plaintiffs' Kimberley Main and Eyad Akel ("Plaintiffs") First Amended Class Action Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

Wal-Mart moves to dismiss Plaintiffs' claim for fluid recovery or *cy pres* recovery in paragraph 3 of the Prayer for Relief on page 7 of the Complaint, on the ground that Plaintiffs are limited to only those damages that are authorized by the Song-Beverly Credit Card Act, California Civil Code § 1747.08 ("Song-Beverly Act" or "Act").  Therefore, Plaintiffs' claim for non-statutory relief in the form of fluid recovery or *cy pres* recovery must be dismissed.

The Motion to Dismiss will be based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and the complete pleadings, papers, records and files in this action, and such other material as may be requested by the Court or presented at the hearing on this motion.

Dated:  July 18, 2011                          VENABLE LLP


                                                By: /s/ Douglas C. Emhoff
                                                Douglas C. Emhoff
                                                Attorneys for Defendant
                                                Wal-Mart Stores, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

This action is one of dozens of nearly identical class action lawsuits filed against various retailers in the wake of the California Supreme Court's decision in *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal. 4th 524 (2011). Named Plaintiffs Kimberley Main and Eyad Akel ("Plaintiffs") allege that Wal-Mart Stores, Inc. ("Wal-Mart") violated the Song-Beverly Credit Card Act, California Civil Code § 1747.08 ("Song-Beverly Act" or "Act"), by requesting and recording customers' zip codes in conjunction with credit card transactions. First Amended Complaint ("Complaint") ¶ 2. Plaintiffs further allege that Wal-Mart used the zip codes along with the customers' names and credit card numbers to obtain the customers' home addresses. Complaint ¶ 3.

The Song-Beverly Act provides for a civil penalty of up to $250 for the first violation of the Act, and up to $1,000 for each subsequent violation of the Act. Cal. Civ. Code § 1747.08(e). In the Complaint's Prayer for Relief, Plaintiffs seek civil penalties for themselves and each class member pursuant to the Act. Complaint, Prayer for Relief, ¶ 2. Additionally, however, Plaintiffs seek "distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary." Complaint, Prayer for Relief, ¶ 3.

The request for fluid recovery or *cy pres* recovery is improper and should be dismissed outright. The Song-Beverly Act created a new right and provided for a specific remedy for violations of that right, in the form of a civil penalty. As discussed further below, Plaintiffs are limited to the civil penalty authorized by the Act, and, as a result, Plaintiffs' claims for fluid recovery or *cy pres* recovery are

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

precluded as a matter of law.[1]

## II.     PROCEDURAL HISTORY

Plaintiff Kimberley Main ("Main") filed a civil action in the Superior Court of the State of California, County of San Francisco, against Wal-Mart on March 9, 2011, and Wal-Mart was served with her complaint on March 21, 2011. Wal-Mart removed the action to this Court on April 20, 2011 based on diversity jurisdiction, pursuant to the Class Action Fairness Act. Docket 1.

On March 25, 2011, Plaintiff Eyad Akel ("Akel") filed a civil action against Wal-Mart in the Superior Court of the State of California, County of San Diego. Wal-Mart was never served with Akel's complaint, and the action was voluntarily dismissed by Akel on or about June 8, 2011. On June 27, 2011, Akel was added as a named plaintiff in the First Amended Complaint. Docket 19.

Four other putative class actions have been filed against Wal-Mart alleging violations of the Song-Beverly Act under similar circumstances. On May 16, 2011, this Court granted Wal-Mart's administrative motion to relate *Nelson v. Wal-Mart Stores, Inc.*, Case No. 3:11-cv-02001-JSW to this case. Docket 14. On June 1, 2011, the Central District granted Wal-Mart's motion to transfer *Landeros v. Wal-Mart Stores, Inc.*, Case No. 4:11-cv-02659-JSW to the Northern District, pursuant to 28 U.S.C. § 1404(a), and on June 20, 2011, this Court granted Wal-Mart's administrative motion to relate *Landeros* to this case. Docket 17. On June 1, 2011, the Central District granted Wal-Mart's motion to transfer *Grikavicius v.*

---

[1] "The term 'fluid recovery' refers to the application of the equitable doctrine of cy près in the context of a modern class action." *Granberry v. Islay Inv.*, 9 Cal. 4th 738, 750 n.7 (1995). It is used by California courts pursuant to California Code of Civil Procedure § 384, which "[provides] guidelines for the courts to use in exercising their equitable discretion to shape class remedies." *Id.* at 750. In certain instances where it is permitted, a court may use the equitable doctrine of *cy pres* or fluid recovery to pay out any damages remaining in a class fund which have not been claimed by class members. *See id.* at 750-51 & n.7 (citations omitted).

*Wal-Mart Stores, Inc.*, Case No. 3:11-cv-02893-JCS to the Northern District, pursuant to 28 U.S.C. § 1404(a).  On June 16, 2011, Wal-Mart filed an administrative motion to relate *Grikavicius* to this case.  Docket 16.  On June 28, 2011, the Southern District granted Wal-Mart's motion to transfer *Bauer v. Wal-Mart Stores, Inc.*, Case No. 3:11-cv-3233-EDL to the Northern District, pursuant to 28 U.S.C. § 1404(a).  On July 11, 2011, Wal-Mart filed an administrative motion to relate *Bauer* to this case.  Docket 21.

### III.  SUMMARY OF ALLEGED FACTS

Plaintiffs are California residents who, within the past year, shopped at Wal-Mart stores located in the state.  Complaint ¶¶ 8, 14.  Wal-Mart is a retailer operating stores throughout California.  Complaint ¶¶ 2, 10.

Plaintiffs allege that, during visits to Wal-Mart stores within the past year, they utilized credit cards to purchase merchandise and, upon check-out, were prompted by Wal-Mart's electronic credit card reader to input their zip codes.  Plaintiffs allege that they submitted their zip codes, believing that the information was required to complete the transaction, which Wal-Mart then recorded and retained.  Complaint ¶¶ 14-20.

Plaintiffs further allege – upon information and belief – that Wal-Mart utilized Plaintiffs' zip code information to reverse-engineer their home addresses through the assistance of third-party database vendors.  Complaint ¶ 3.  However, Plaintiffs fail to allege that they actually received unsolicited direct-marketing materials from Wal-Mart or that they otherwise suffered any actual harm from the alleged conduct.

### IV.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant can move to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss "tests the legal sufficiency of the claims alleged in the complaint . . . ."  *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-00 (9th

Cir. 2003).

Recently, the Ninth Circuit held that when damages alleged in a complaint are precluded as a matter of law, a 12(b)(6) motion to dismiss is the appropriate method of attacking the improper damages claims. *See Whittlestone v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (reversing the district court's decision to grant a motion to strike claims for lost profits and consequential damages made pursuant to Federal Rule of Civil Procedure 12(f) on the basis that Federal Rules of Civil Procedure 12(b)(6) or 56 are the appropriate vehicles to move to dismiss a damages claim that is precluded as a matter of law).

## V.   ARGUMENT

### A.   The Song-Beverly Act Created a New Right, and Plaintiffs are Limited to its Exclusive Remedy

It is black-letter law that when a statute creates a new right, the only remedy available to parties claiming a violation of that right is the statutory remedy, if one has been provided. *Estate of Starkweather*, 64 Cal. App. 4th 580, 593 (Ct. App. 1998) (citations omitted). Here, since the Song-Beverly Act created a new right and provides for a statutory remedy in the form of civil penalties, Plaintiffs may not seek any other forms of relief. *Cy pres* or fluid recovery does not appear in the Act, nor does the Act authorize any form of damages other than the civil penalty for a private plaintiff.

In other cases involving alleged violations of the Song-Beverly Act, courts have recognized that non-statutory relief, such as *cy pres* or fluid recovery, is precluded as a matter of law. For example, in *Haug v. Petsmart, Inc.*, the court held that "the Act unambiguously authorizes only statutory penalties, and consequently no other damages are available." No. 2:10-cv-00990-MCE-KJM, 2010 WL 2925069, at *2 (E.D. Cal. July 23, 2010). Thus, the *Haug* court found that the Act "precludes both *cy pres* damages and punitive damages, as well as [injunctive relief, general damages and special damages]." *Id.*

5

LA 309203/21188-302314                                                                MOTION TO DISMISS

Similarly, the court in *Korn v. Polo Ralph Lauren Corp.* held that a plaintiff "is confined to the statutory remedy of civil penalties as expressly provided in § 1747.08(e)." 644 F. Supp. 2d 1212, 1219 (E.D. Cal. 2008). The court struck the plaintiff's claim for a non-statutory form of relief, in this case injunctive relief, because "the statute created new rights" and the statutory remedy was the exclusive remedy available to the plaintiff. *Id.*[2]

The *Haug* and *Korn* cases correctly found that the Song-Beverly Act precludes remedies other than the specified statutory civil penalty. For the same reason, Plaintiffs' claims for *cy pres* or fluid recovery damages should be dismissed in this case.

### B. *Cy Pres* or Fluid Recovery Is Inconsistent With the Specific Language of the Act Providing for the Payment of Penalties

In addition to creating a new right and expressly providing for a civil penalty as the remedy for violations of that right, the Song-Beverly Act specifies who may actually receive the proceeds of the civil penalty. The Act states: "When collected, the civil penalty shall be payable, as appropriate, *to the person paying with a credit card who brought the action . . . ."* Cal. Civ. Code § 1747.08(e) (emphasis added). As a result, the use of fluid recovery to distribute unclaimed damages to entities other than the plaintiffs would contravene the plain language of the Act. Fluid recovery is an equitable remedy which permits a court to shift any unclaimed

---

[2] The *Haug* and *Korn* courts disposed of the claims for non-statutory damages by granting defendants' motions to strike under Federal Rule of Civil Procedure 12(f). Prior to the Ninth Circuit's decision in *Whittlestone*, some district courts viewed the motion to strike as the appropriate mechanism through which a defendant could argue that certain damages were precluded as a matter of law. *See Haug*, 2010 WL 2925069, at *1 ("To the extent that Defendant claims that certain damages are unavailable to Plaintiff as a matter of law . . . a Motion to Strike . . . is the proper vehicle to remove such requests."). *Whittlestone* has since made clear that either a motion to dismiss or a motion for summary judgment, rather than a motion to strike, is the proper method of attacking damages claims on the basis that they are precluded as a matter of law. *Whittlestone*, 618 F.3d at 974-75.

settlement proceeds to another entity (such as a charity) that has no preexisting legal claim to the proceeds.[3]  By its very nature, this remedy would allow a civil penalty in this case to be collected and then paid to those *other than* "the person paying with a credit card who brought the action."

Courts have rejected similar attempts by plaintiffs to avail themselves of remedies that are flatly inconsistent with the Act.  *See Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1210 (C.D. Cal. 2008) (*quoting People v. Narron*, 192 Cal. App. 3d 724, 738 (Ct. App. 1987)) (holding that injunctive relief is not permitted for consumers under the Act, and citing a California Court of Appeal decision for the principle that "when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies.").  This Court, too, should refuse Plaintiffs' invitation to expand the provisions of the Song-Beverly Act to include an equitable remedy that is inconsistent with the plain text of the statute.

## VI. **CONCLUSION**

For the reasons set forth above, Wal-Mart respectfully asks this Court to dismiss Plaintiffs' claim for *cy pres* or fluid recovery.

Dated:  July 18, 2011                               VENABLE LLP

By: /s/ Douglas C. Emhoff
Douglas C. Emhoff
Attorneys for Defendant
Wal-Mart Stores, Inc.

---

[3] *See supra* note 1.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

On **July 18, 2011**, I served the foregoing document(s) described as **DEFENDANT WAL-MART STORES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS DAMAGES CLAIM** on the following in the manner noted:

Using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

James R. Patterson  *Attorneys for Plaintiffs and the Class*
Matthew J. O'Connor
Patterson Law Group, APC
402 West Broadway, 29th Floor
San Diego, CA 92101

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **July 18, 2011,** at Los Angeles, California.

/s/ Douglas C. Emhoff
Douglas C. Emhoff