Gene J. Stonebarger (SBN 209461)
gstonebarger@stonebargerlaw.com
Richard D. Lambert (SBN 251148)
rlambert@stonebargerlaw.com
STONEBARGER LAW, APC
75 Iron Point Circle, Suite 145
Folsom, CA  95630
Telephone:     (916) 235-7140
Facsimile:     (916) 235-7141

*Attorneys for Plaintiff Robin Nelson*

*Additional Attorneys Listed on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KIMBERLY MAIN, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>WAL-MART STORES, INC., and DOES 1 through 50, inclusive,<br><br>Defendant. | Consolidated Case No. C 11-01919 JSW<br><br>**PLAINTIFFS' CONSOLIDATED COMPLAINT** |
| ROBIN NELSON, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>WAL-MART STORES, INC., and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. C 11-02001 JSW |

**CONSOLIDATED CASE NO. C 11-01919 JSW**

PLAINTIFFS' CONSOLIDATED COMPLAINT

| | |
|---|---|
| MARYLYNN GRIKAVICIUS, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. C 11-02893 JSW |
| LOURDES R. LANDEROS, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. C 11-02659 JSW |
| TINA BAUER, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. C 11-03233 JSW |

Plaintiffs Kimberly Main, Robin Nelson, Marylynn Grikavicius, Lourdes R. Landeros and Tina Bauer, on behalf of themselves and all others similarly situated, ("Plaintiffs") complain and allege upon information and belief based, among other things, upon the investigation made by Plaintiffs by and through their attorneys, as follows:

I.    **INTRODUCTION**

1.    California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant not request personal identification information from a customer paying for goods with a credit card, and then record that personal

1.

CONSOLIDATED CASE NO. C 11-01919 JSW

**PLAINTIFFS' CONSOLIDATED COMPLAINT**

1    identification information upon the credit card transaction form or otherwise.

2         2.      Defendant operates retail stores throughout the United States, including California.

3    Defendant is engaging in a pattern of unlawful business practices by utilizing an "Information

4    Capture Policy" whereby Defendant's cashiers both request and record personal identification

5    information, including zip codes, along with credit card numbers from customers using credit

6    cards at the point-of-sale in Defendant's retail establishments.  Defendant's acts and practices as

7    herein alleged were at all times intentional.

8         3.      This action arises from Defendant's violations of California Civil Code section

9    1747.08, by and through Defendant's requesting and recording of Plaintiffs' and Class members'

10   personal identification information in conjunction with credit card transactions, during the point-

11   of-sale process at Defendant's retail establishments during the period of time beginning February

12   14, 2010 and continuing through the present (herein referred to as the "Liability Period" or "Class

13   Period").

14        4.      Plaintiffs do not seek any relief greater than or different from the relief sought for

15   the Class of which Plaintiffs are members.  The action, if successful, will enforce an important

16   right affecting the public interest and would confer a significant benefit, whether pecuniary or

17   non-pecuniary, on a large class of persons.  Private enforcement is necessary and places a

18   disproportionate financial burden on Plaintiffs in relation to Plaintiffs' stake in the matter.

19   **II.    JURISDICTION AND VENUE**

20        5.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  The matter

21   in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a

22   class action in which greater than two-thirds of the Class members are citizens of states different

23   from Defendant.

24        6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts

25   and transactions giving rise to this action occurred in this district and because Defendant:

26        (a)     is authorized to conduct business in this district and has intentionally

27   availed itself of the laws and markets within this district through the promotion, marketing,

28   distribution and sale of its products in this district;

2.

**PLAINTIFFS' CONSOLIDATED COMPLAINT**

1        (b)     does substantial business in this district; and

2        (c)     is subject to personal jurisdiction in this district.

## III.    THE PARTIES

### A.    <u>Plaintiffs</u>

7.    Plaintiff Kimberly Main is a resident of California.  During the Liability Period, Plaintiff Main purchased merchandise at one of Defendant's stores located in California, with a credit card, was asked for personal identification information by Defendant's clerk attending to the transaction at the point of sale, and provided personal identification information to the clerk in response to the request, which the clerk recorded into Defendant's electronic database at the point of sale.

8.    Plaintiff Robin Nelson is a resident of California.  During the Liability Period, Plaintiff Nelson purchased merchandise at one of Defendant's stores located in California, with a credit card, was asked for personal identification information by Defendant's clerk attending to the transaction at the point of sale, and provided personal identification information to the clerk in response to the request, which the clerk recorded into Defendant's electronic database at the point of sale.

9.    Plaintiff Marylynn Grikavicius is a resident of California.  During the Liability Period, Plaintiff Grikavicius purchased merchandise at one of Defendant's stores located in California, with a credit card, was asked for personal identification information by Defendant's clerk attending to the transaction at the point of sale, and provided personal identification information to the clerk in response to the request, which the clerk recorded into Defendant's electronic database at the point of sale.

10.    Plaintiff Lourdes R. Landeros is a resident of California.  During the Liability Period, Plaintiff Landeros purchased merchandise at one of Defendant's stores located in California, with a credit card, was asked for personal identification information by Defendant's clerk attending to the transaction at the point of sale, and provided personal identification information to the clerk in response to the request, which the clerk recorded into Defendant's electronic database at the point of sale.

3.

PLAINTIFFS' CONSOLIDATED COMPLAINT

1        11.     Plaintiff Tina Bauer is a resident of California.  During the Liability Period,

2  Plaintiff Bauer purchased merchandise at one of Defendant's stores located in California, with a

3  credit card, was asked for personal identification information by Defendant's clerk attending to

4  the transaction at the point of sale, and provided personal identification information to the clerk in

5  response to the request, which the clerk recorded into Defendant's electronic database at the point

6  of sale.

7        12.     Plaintiffs brings this class action against Defendant, pursuant to Rule 23 of the

8  Federal Rules of Civil Procedure, on behalf of themselves and all persons from whom Defendant

9  requested and recorded personal identification information in conjunction with a credit card

10  transaction in California during the period of time beginning February 14, 2010 and continuing

11  through the date of trial (herein referred to as the "Class").  Excluded from the Class definition

12  are any specific transactions that involved shipping, delivery, servicing, installation or for a

13  special order.   Also excluded from the Class are Defendant, its corporate parents, subsidiaries

14  and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and

15  the legal representatives, successors or assigns of any such excluded persons or entities.

16       **B.**    **Defendant**

17        13.     Wal-Mart Stores, Inc., (herein referred to as "Defendant"), is a Delaware

18  corporation with its principal place of business in Arkansas.

19  **IV.**    **CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW**

20        14.     As specified in ¶¶7-11 above, during the Liability Period, each of the Plaintiffs

21  conducted transactions with Defendant which did not involve mail order, shipping or cash

22  advances.

23        15.     However, as part of Defendant's Information Capture Policy, and in conjunction

24  with the credit card sales transaction, each of the Plaintiffs was asked for personal identification

25  information by Defendant's clerk attending to the transaction.

26        16.     Each of the Plaintiffs provided the requested personal identification information,

27  which was entered into the electronic sales register at the checkout counter adjacent to both

28  Defendant's employee and the customer.

CONSOLIDATED CASE NO. C 11-01919 JSW

**PLAINTIFFS' CONSOLIDATED COMPLAINT**

17.     Defendant's conduct as alleged herein expressly violated Civil Code § 1747.08. Civil Code § 1747.08(a)(2) provides, in relevant part, that:

> [N]o person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall . . . *request*, or require as a condition to accepting the credit card as payment in full or in part for goods or services, *the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise*(emphasis added).

18.     Civil Code § 1747.08(b) further provides that "For purposes of this section, 'personal identification information' means information concerning the cardholder, *other than information set forth on the credit card*, and *including, but not limited to*, the cardholder's address and telephone number" (emphasis added).

19.     Civil Code § 1747.08(c) provides that the prohibition against requesting and recording personal identification information in connection with credit card transactions does not apply if the credit card is being used as a deposit to secure payment in the event of default, loss, damage or other similar occurrence; for cash advance transactions; if the retailer is contractually obligated to provide personal identification information in order to complete the credit card transaction or is obligated to collect and record the personal identification information by federal law or regulation; or if personal identification information is required for any special purpose incidental but related to the credit card transaction, such as for information related to shipping, delivery, servicing, installation or for a special order.  Plaintiffs' transactions as alleged herein did not involve any of the exceptions under § 1747.08(c).

20.     Liability under §1747.08 is established simply by requesting and recording personal identification information from a customer paying by credit card.  *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal.4th 524, 528 (2011)*; see also Florez v. Linens 'N Things*, 108 Cal. App. 4th 447, 451-453 (2003).

/ / /

/ / /

/ / /

5.

21. Similarly, there is no exception under §1747.08 for marketing or advertising purposes. To the contrary, under §1747.08 , it is prohibited to request personal identification information, and record it, even if request was made only for marketing and/or advertising purposes. *Florez v. Linens 'N Things*, 108 Cal. App. 4th 447, 451-453 (2003).

22. The penalty for violating Civil Code § 1747.08 is up to two-hundred fifty dollars ($250) for the first violation and one thousand dollars ($1,000) for each subsequent violation, to be assessed and collected in a civil action under this statute by, *inter alia*, the person paying with the credit card.

## V.   PLAINTIFFS' CLASS ACTION ALLEGATIONS

23. This lawsuit is brought on behalf of an ascertainable statewide class pursuant to Rule 23 of the Federal Rules of Civil Procedure, consisting of all persons from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction in California during the period of time beginning February 14, 2010 and continuing through the date of trial (the "Class"). Excluded from the Class definition are any specific transactions that involved shipping, delivery, servicing, installation or for a special order. Also excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

24. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiffs' rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiffs are not aware of any difficulty to be encountered in the

1    management of this action which would preclude its maintenance as a class action. There is a

2    well-defined community of interest among the members of the Class because common questions

3    of law and fact predominate, Plaintiffs' claims are typical of the members of the Class, and

4    Plaintiffs can fairly and adequately represent the interests of the Class.

5          26.      Common questions of law and fact exist as to all members of the Class and

6    predominate over any questions affecting solely individual members of the Class. Among the

7    questions of law and fact common to the Class are:

8          a.       whether each Class member engaged in a credit card transaction with Defendant;

9          b.       whether Defendant requested the cardholder to provide personal identification

10   information and recorded the personal identification of the cardholder, in conjunction with credit

11   card transactions with Class members;

12         c.       whether Defendant's conduct of requesting the cardholder to provide personal

13   identification information in conjunction with credit card transactions and recording the personal

14   identification information of the cardholder constitutes violations of California Civil Code section

15   1747.08; and

16         d.       whether Plaintiffs and the Class are entitled to civil penalties, and the proper

17   amount of civil penalties to be paid to Class members.

18         27.      Plaintiffs' claims are typical of those of the other Class members because

19   Plaintiffs, like every other Class member, were exposed to virtually identical conduct and are

20   entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant

21   to California Civil Code section 1747.08(e).

22         28.      Plaintiffs can fairly and adequately represent the interests of the Class, they have

23   no conflicts of interest with other Class members, and have retained counsel competent and

24   experienced in class action and civil litigation.

25                    **CAUSE OF ACTION FOR VIOLATIONS OF**
                       **CALIFORNIA CIVIL CODE § 1747.08**
26                    **[SONG-BEVERLY CREDIT CARD ACT OF 1971]**

27         29.      Plaintiffs refer to and incorporate by reference as though set forth fully herein

28   paragraphs 1 through 28 of this Complaint.

7.                                    CONSOLIDATED CASE NO. C 11-01919 JSW

**PLAINTIFFS' CONSOLIDATED COMPLAINT**

30.     California Civil Code section 1747.08 prohibits any corporation, which accepts credit cards for the transaction of business, from requesting the cardholder to provide personal identification information which the corporation then records in conjunction with a credit card transaction.

31.     Defendant is a corporation that accepts credit cards for the transaction of business. During credit card transactions entered into at Defendant's stores on each and every day during the Liability Period, Defendant utilized, and continues to utilize, an "Information Capture Policy" whereby Defendant's cashiers both request and record personal identification information from customers using credit cards at the point-of-sale in Defendant's retail establishments.

32.     It is and was Defendant's routine business practice to intentionally engage in the conduct described in this cause of action with respect to customers who, while using a credit card, purchased products from any of Defendant's stores in the State of California.  Due to Defendant's violations as set forth herein, Plaintiffs and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## VI.   **PRAYER FOR RELIEF**

PLAINTIFFS AND THE CLASS pray for judgment against Defendant as follows:

1.     That the Court certifies this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2.     That the Court award to Plaintiffs and to each member of the Class the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

3.     For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant from retaining the benefits of its wrongful conduct;

4.     For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure section 1021.5, and as authorized under the "common fund" doctrine;

8.

1   5.   For costs of the suit;

2   6.   For prejudgment interest at the legal rate;

3   7.   And for such other relief as the Court may deem proper.

4

5   Dated: December 8, 2011                    STONEBARGER LAW, APC

6
                                              */s/Gene J. Stonebarger*
7                                             Gene J. Stonebarger

8                                             *Attorneys for Plaintiff Robin Nelson*

9
                                              Mark L. VanBuskirk (190419)
10                                            R. Duane Westrup (58610)
                                              WESTRUP KLICK LLP
11                                            444 W. Ocean Blvd., Suite 1614
                                              Long Beach, CA 90802-4524
12
                                              *Attorneys for Plaintiff Marylynn Grikavicius*
13

14                                            James R. Patterson (211102)
                                              jim@pattersonlawgroup.com
15                                            PATTERSON LAW GROUP, APC
                                              402 West Broadway, 29th Floor
16                                            San Diego, CA 92101

17                                            *Attorneys for Plaintiff Kimberly Main*

18
                                              Chad A. Saunders (257810)
19                                            cas@hoffmanandlazear.com
                                              HOFFMAN & LAZEAR
20                                            180 Grand Avenue, Suite 1550
                                              Oakland, CA 94612
21
                                              *Attorneys for Plaintiff Lourdes R. Landeros*
22

23
                                              Stephen B. Morris (126192)
24                                            morris@sandiegolegal.com
                                              MORRIS AND ASSOCIATES
25                                            444 West C Street, Suite 300
                                              San Diego, CA 92101
26
                                              *Attorneys for Plaintiff Tina Bauer*
27

28

CONSOLIDATED CASE NO. C 11-01919 JSW

PLAINTIFFS' CONSOLIDATED COMPLAINT