1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLEY MAIN, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | No.: 3:11-cv-01919-JSW<br><br>**Consolidated Cases:**<br><br>Landeros, Case No. 11-CV-2659-JSW<br>Nelson, Case No. 11-CV-2001-JSW<br>Grikavicius, Case No. 11-CV-2893-JSW<br><br>**Related Case:**<br><br>Heon, Case No. 12-CV-1681 JSW<br><br>[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION<br><br>Date:   January 25, 2013<br>Time:  9:00 a.m.<br>Ctrm.:  11, 19th Floor<br>Judge: Hon. Jeffrey S. White |

Plaintiffs in the above-captioned consolidated action and related action have submitted an unopposed Motion for entry of an Order Granting Preliminary Approval of Class Action Settlement, determining certain matters in connection with the proposed Settlement of this class action, pursuant to the terms of the Settlement Agreement reached by the parties and presented to the Court for approval.  After consideration of the Settlement Agreement and the exhibits annexed thereto, and after due deliberation and consideration f the totality of the circumstances and the record, and for good cause shown, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. **Defined Terms.**  The Court adopts the defined terms set forth in the Settlement Agreement for purposes of this Order, unless otherwise specified.

2. **Preliminary Approval of Settlement.**  The Settlement Agreement, including the Claim Form, Detailed Notice, and Short-Form Notice attached as Exhibits A-C to the Settlement Agreement are preliminarily approved, subject to further consideration at the Final Approval Hearing.  The Court concludes that the proposed settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Fairness Hearing, and for Defendant Wal-Mart Stores, Inc. ("Wal-Mart") to provide Notice of the proposed settlement to the Settlement Class.

3. **Provisional Certification.**  Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Settlement Class is provisionally certified as "all persons who, between February 14, 2010 and November 30, 2010, used a credit card to make a purchase in a Wal-Mart store located in California while the ZIP Code Survey was active in that store, and whose personal ZIP code was requested and recorded as a result of the ZIP Code Survey."

4. **Appointment of Class Representative and Class Counsel.**  Plaintiffs Robin Nelson and Tiffany Heon are conditionally appointed as the Class Representatives to implement the proposed settlement in accordance with the Settlement Agreement.  The law firms of Stonebarger Law, APC; Westrup Klick LLP; Patterson Law Group, APC; Hoffman & Lazear; and Morris and Associates are appointed as Class Counsel. The Class Representatives and Class Counsel must fairly and adequately protect the interests of the Settlement Class.

5. **Provision of Notice to the Settlement Class**. Wal-Mart shall provide Notice to the Settlement Class Members of the proposed settlement in the manner specified in Section 3.2 of the Settlement Agreement and will pay all costs associated with claims administration and providing notice to Settlement Class Members pursuant to Section 2.7 of the Settlement Agreement.

6. **Request for Exclusion (Opt Out).** Settlement Class Members who want to be excluded from the proposed settlement must submit a written, signed Request for Exclusion to the Settlement Administrator, within ninety (90) days of the date of entry of this Order. The Request for Exclusion must set forth: (a) the name of this Action; (b) the full name, address, and telephone number of the person requesting to be excluded; (c) the date of any transaction(s) in which the putative Settlement Class Member used a credit card to make a purchase at a Wal-Mart store located in California between February 14, 2010 and November 30, 2010; (d) the location of the Wal-Mart store(s) in which the credit card transaction(s) took place; (e) the words "Request for Exclusion" at the top of the document; and (f) a declaration stating "I request that I be excluded from the Settlement in *Kimberley Main v. Wal-Mart Stores, Inc., et al.* (Case No. 3:11-cv-01919-JSW). I understand that by requesting to be excluded from the Settlement Class, I will not receive any benefits under the settlement."

7. **Claim for the Class Benefit.** Settlement Class Members who want to receive the Claimant Benefit under the Settlement Agreement (a Wal-Mart gift card with a value to be determined in accordance with the provisions of Section 2.3(a) of the Settlement Agreement) must submit a complete and timely Claim Form to the Settlement Administrator within ninety (90) days of the date of entry of this Order.

8. **Objection to Settlement.** Settlement Class Members who have not submitted a timely Request for Exclusion and who want to object to the proposed settlement, must file a signed, written objection with this Court and serve copies on Class Counsel and Wal-Mart's Counsel, within ninety (90) days of the date of entry of this Order. Written objections must set forth (a) the name of this Action; (b) the full name, address, and telephone number of the person objecting; (c) the date of any transaction(s) in which the putative Settlement Class Member used a credit card to make a purchase at a Wal-Mart store located in California between February 14, 2010 and November 30,

2010; (d) the location of the Wal-Mart store(s) in which the credit card transaction(s) took place; (e) the word "Objection" at the top of the document; and (f) the legal and factual arguments supporting the objection.

9. **Notice of Intention to Appear at Fairness Hearing.** Any Settlement Class Member who wishes to be heard at the Fairness Hearing must file a signed, written Notice of Intention to Appear with the Court and serve copies on Class Counsel and Wal-Mart's Counsel, within ninety (90) days of the date of entry of this Order. The Notice of Intention to Appear must set forth: (a) the name of this Action; (b) the full name, address, and telephone number of the person intending to appear at the Fairness Hearing; (c) the date of any transaction(s) in which the putative Settlement Class Member used a credit card to make a purchase at a Wal-Mart store located in California between February 14, 2010 and November 30, 2010; (d) the location of the Wal-Mart store(s) in which the credit card transaction(s) took place; (e) the words "Notice of Intention to Appear" at the top of the document; (f) the points the person wishes to speak about at the Fairness Hearing; and (g) the identity (name, address, and telephone number) of any lawyer who will speak on the person's behalf.

10. **Timeliness.** For purposes of determining timeliness for Settlement Class Member submissions of Requests for Exclusion, Claim Forms, Objections, or Notices of Intention to Appear, the submission shall be deemed to have been made on the date postmarked by the postal service or other expedited delivery service.

11. **Failure to Act.** Settlement Class Members who do nothing (i.e., they do not submit a Claim Form, do not submit a Request for Exclusion, or do not object), will be included in the Settlement Class and be bound by the terms of the Settlement Agreement, if the Court grants final approval of the proposed settlement. These Settlement Class Members will neither receive the Class Benefit nor be able to pursue any other lawsuit against Wal-Mart concerning or relating to the claims alleged in this Action.

12. **Effect of Termination of Settlement Agreement.** If the Settlement Agreement terminates for any reason, the following will occur: (a) Settlement Class certification will be automatically vacated, and (b) this Action will revert to its previous status in all respects as it existed

before the Parties executed the Settlement Agreement.  This Order does not waive or otherwise impact the Parties' rights or arguments.

13. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

14. **Stay of Proceedings.** All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement.

15. **Deadlines.** The Court sets the following deadlines:

    a. Wal-Mart shall provide Notice to the Settlement Class within forty five (45) days of the date of entry of this Order.

    b. Plaintiffs and Class Counsel shall file all papers supporting Plaintiff's request for attorneys' fees and costs and a class representative incentive award within seventy-five (75) days of the date of entry of this Order.

    c. Settlement Class Members shall submit Requests for Exclusion, objections, or Claim Forms, if they so elect, within ninety (90) days of the date of entry of this Order.

    d. Responses to any objections submitted by Settlement Class Members shall be filed at least 7 days prior to the Fairness hearing.

    e. Plaintiffs' Motion for Final Approval of the Settlement Agreement and any other papers supporting Final Approval shall be filed at least 7 days prior to the Fairness hearing.

    f. On May 24, 2013, at 9:00 a.m. this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.  The Court may order the Fairness Hearing to be postponed, adjourned, or continued.  If that occurs, other than posting the new date on the Settlement Website maintained by the Settlement Administrator, Wal-Mart will not be required to provide additional notice to Settlement Class Members.

/ / /

The hearing set for January 25, 2013 is HEREBY VACATED.  *See* N.D. Civ. L.R. 7-1(b).

**IT IS SO ORDERED**

Dated: January 22, 2013

By: _____
The Honorable Jeffrey S. White
United States District Judge