Gene J. Stonebarger, State Bar No. 209461
gstonebarger@stonebargerlaw.com
Richard D. Lambert, State Bar No. 251148
rlambert@stonebargerlaw.com
Elaine W. Yan, State Bar No. 277961
eyan@stonebargerlaw.com
STONEBARGER LAW
A Professional Corporation
75 Iron Point Circle, Ste. 145
Folsom, CA 95630
Telephone (916) 235-7140
Facsimile (916) 235-7141

Mark L. VanBuskirk, State Bar No. 190419
mvanbuskirk@wkalaw.com
R. Duane Westrup, State Bar No. 58610
moats@westrupklick.com
WESTRUP KLICK LLP
444 W. Ocean Blvd., Suite 1614
Long Beach, CA 90802
Telephone (562) 432-2551
Facsimile (562) 435-4856

*Interim Co-Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KIMBERLEY MAIN, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation, and DOES 1 through 50 inclusive<br><br>Defendants. | Consolidated Case No. C 11-01919 JSW<br><br>Consolidated with:<br>Case No. C 11-02001 JSW<br>Case No. C 11-02893 JSW<br>Case No. C 11-02659 JSW<br><br>**DECLARATION OF GENE J. STONEBARGER IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:    May 24, 2013<br>Time:    9:00 a.m.<br>Ctrm.:   11, 19th Floor<br>Judge:   Hon. Jeffrey S. White |

I, GENE J. STONEBARGER, declare:

1. I am an attorney duly admitted to practice law before all courts of the State of California, and I am a shareholder in the law firm of Stonebarger Law, A Professional Corporation ("Stonebarger Law" or "Class Counsel"). I am one of the attorneys for Plaintiffs and the Class herein. I make this declaration in support of Final Approval of the Class Action Settlement in this action. If called as a witness, I would and could testify to the following.

2. I have personally been involved in the prosecution of this Class Action since its inception on March 4, 2011 and through to the present.

3. On April 16, 2012, after exchanging substantial formal discovery as to the scope of the Class, the number of transactions at issue, and the merits of the claims, the Parties participated in an all-day mediation session before Hon. Edward A. Infante (Ret.) of JAMS, an experienced mediator. With the assistance of Hon. Edward A. Infante, a settlement was reached as to all material terms on Class benefits and Notice. After the April 16, 2012 mediation session, a final settlement (the "Settlement Agreement" or "Agreement") was reached. On November 9, 2012, the Parties fully executed the Settlement Agreement, and on January 22, 2013, this Court Preliminarily Approved the Settlement Agreement.

4. Plaintiffs and their counsel believe that the claims asserted against Defendant in this litigation have merit. However, Wal-Mart denies any wrongdoing in this case. Wal-Mart contends: (1) the class claims concern a survey conducted in some California Wal-Mart stores in 2010, for limited periods of time as to each store, in which customers at checkout, regardless of tender type, were prompted by a display on the debit/credit card keypad terminal to enter a ZIP code; (2) in the case of credit card customers, the prompt was displayed only after the credit card transaction had been authorized and the customer provided his or her signature completing the transaction; (3) the survey did not require an actual ZIP code, could be bypassed, and therefore was voluntary; and (4) information collected in the survey has not been used, nor could it be used, to personally identify a customer. Based on these contentions, Wal-Mart maintains that there is no liability under section 1747.08 and that it would have a number of meritorious arguments in opposition to class certification if the case proceeded to that stage.

5.  The uncertainty as to whether consumers' voluntariness constitutes an affirmative defense creates substantial risk for both sides.  Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the litigation against Wal-Mart through trial and through appeals.  Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Class Action, as well as the difficulties and delays inherent in such litigation. This litigation involves complex class action issues, which would involve protracted risky litigation if not settled.

6.  The Settlement Agreement, and the terms thereof, were reached after strenuous advocacy of the litigation and extensive negotiations, of which I participated.  Plaintiffs and their counsel believe that the settlement set forth in the Settlement Agreement confers substantial benefits upon the Class Members, and is a fair, reasonable and adequate resolution of the Class claims against Defendant.  As such, the settlement is entitled to a good-faith determination, and this Court should enter the proposed Final Order approving the settlement and the proposed Judgment.

7.  To date, Class Counsel has not received any objections to the Settlement Agreement.

8.  Attached hereto as Exhibit 'A' is the "About Us" webpage of the Consumer Federation of California, outlining its mission and goals.

9.  Attached hereto as Exhibit 'B' is the "About Us" webpage of the Privacy Rights Clearinghouse, outlining its mission and goals.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on May 17, 2013 in Folsom, California.

/s/ Gene J. Stonebarger
GENE J. STONEBARGER

2
DECLARATION OF GENE J. STONEBARGER IN SUPPORT OF PLAINTIFF'S
UNOPPOSED MOTION FOR FINAL APPROVAL