# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLEY MAIN and EYAD AKEL, individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | No.: 3:11-cv-01919-JSW<br><br>**Consolidated Cases:**<br><br>Landeros, Case No. 11-CV-2659-JSW<br>Nelson, Case No. 11-CV-2001-JSW<br>Grikavicius, Case No. 11-CV-2893-JSW<br><br>**Related Case:**<br><br>Heon, Case No. 12-CV-1681 JSW<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT**<br><br>Hon. Jeffrey S. White |

1. Plaintiffs in the above-captioned consolidated action and related action have submitted Motion for Final Approval of Class Action Settlement ("Motion For Final Approval"). On May 24, 2013, this Court held a Fairness Hearing regarding the proposed settlement that is the subject of the Motion for Final Approval. The Court has reviewed the papers submitted, including the Motion for Final Approval and supporting papers and the Class Action Settlement Agreement and Release ("Settlement Agreement"). Upon consideration of the papers submitted, and arguments made at the hearing on the Motion for Final Approval, the Court finds good cause to grant the Motion.

**THE COURT FINDS AS FOLLOWS:**

1. The Settlement Agreement is fair, reasonable, and adequate.

2. The Parties adequately performed their obligations under the Settlement Agreement.

3. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") provided notice to Settlement Class Members in compliance with Section 3.2 of the Settlement Agreement, due process, and Federal Rule of Civil Procedure 23. The notice: (a) fully and accurately informed Settlement Class Members about the lawsuit and proposed settlement; (b) provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefit offered, opt out and pursue their own remedies, or object to the proposed settlement; (c) provided procedures for Settlement Class Members to file written objections to the proposed settlement, appear at the Fairness Hearing, and to state objections to the proposed settlement; and (d) provided the time, date, and place of the Fairness Hearing.

4. An award of $420,000 in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting and resolving this Action, and the benefit obtained for the Settlement Class.

5. An incentive award to the Class Representatives of $3,500 is fair and reasonable in light of the time and effort spent by the Class Representatives in litigating and resolving this Action on behalf of the Settlement Class.

/ / /

/ / /

/ / /

**THE COURT ORDERS AS FOLLOWS:**

1. **Settlement Class Members.** The Settlement Class is defined as follows: All persons who, between February 14, 2010 and November 30, 2010, used a credit card to make a purchase in a Wal-Mart store located in California while the ZIP Code Survey was active in that store, and whose personal ZIP code was requested and recorded as a result of the ZIP Code Survey.

2. **Binding Effect of Order.** This Order applies to all claims or causes of action settled under the Settlement Agreement. This Order binds all class members, including those who did not properly submit a Request for Exclusion pursuant to this Court's Order Granting Preliminary Approval of Class Settlement and Provisional Class Certification and Section 3.8 of the Settlement Agreement. This Order does not bind persons who filed timely and valid Requests for Exclusion.

3. **Release.** Plaintiffs and all Settlement Class Members who did not properly request exclusion are: (a) deemed to have released and discharged Wal-Mart from all claims arising out of or relating to any act, omission, or other conduct alleged in the Action, including all claims released under the Settlement Agreement; and (b) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described herein are set forth in Sections 4.3 through 4.5 of the Settlement Agreement.

4. **Class Relief.** Wal-Mart shall distribute the Claimant Benefit and *cy pres* donations as provided in Section 2.3 of the Settlement Agreement.

5. **Claimant Benefit.** Wal-Mart shall distribute $25 gift cards to the 519 individuals who submitted a timely Claim Form within sixty (60) days of the Effective Date, as defined in Section 1.9 of the Settlement Agreement.

6. *Cy Pres* **Donations.** Wal-Mart shall make *cy pres* donations of $368,512.50 to the Consumer Federation of California and $368,512.50 to the Privacy Rights Clearinghouse within one hundred twenty (120) days of the Effective Date, as defined in Section 1.9 of the Settlement Agreement.

7. **Attorneys' Fees and Costs.** Class Counsel is awarded $420,000 in fees and costs. Wal-Mart shall pay this amount within ten (10) business days of the Effective Date to Stonebarger

Law, APC, which shall have responsibility for distributing and apportioning it between other Class Counsel.

8. **Class Representative Incentive Award.** The Class Representatives are awarded $3,500 each as an incentive award. Wal-Mart shall pay the Class Representatives this amount within ten (10) business days of the Effective Date.

9. **Court's Jurisdiction.** The Court will retain jurisdiction over this Action and the Parties until final performance of the Settlement Agreement.

**IT IS SO ORDERED**

Dated: May 24, 2013         By: *Jeffrey S. White*
                                The Honorable Jeffrey S. White
                                United States District Judge